UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VIET VILLAGE, LLC,

    Plaintiff,

v.                                            Case No.:  2:23-cv-896-SPC-NPM

ATAIN SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Atain Specialty Insurance Company's Supplemental Notice of Removal.  (Doc. 18).  This supplement came because the Court found Defendant neither properly pled Plaintiff Viet Village, LLC's citizenship nor the amount in controversy. (Doc. 12).  Although Defendant has shored up the latter, it did not do so for Plaintiff's citizenship.  Instead, Defendant simply repleaded its own citizenship.  (Doc. 18 at 1-2).

Now a scrivener's error in the Court's Order could be a reason—albeit not a good one—for Defendant's tact in supplementing its removal.  The Order mistakenly said, "[T]he Notice is silent about *Defendant's* members."  (Doc. 12 at 2-3).  It should have said *Plaintiff's* members.  Even so, the paragraph and sentences before the typo make clear the Court took issue with the deficiency of Plaintiff's citizenship as an LLC:

> The Court starts with Plaintiff's citizenship. For a limited liability company, like Plaintiff, it is a citizen of every state in which one of its members is domiciled. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004); *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citizenship is determined by "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom"). Each LLC member must be diverse from the opposing party. *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224-25 (11th Cir. 2013).
>
> Here's where Defendant's Notice falters. The Notice states, "Plaintiff is a limited liability company that was formed in the state of Florida. Plaintiff's members are domiciled in and are citizens of Florida." (Doc. 2 at 2).

(Doc. 12 at 2). So Defendant was more than put on notice where the defect laid in its removal. The Court thus finds that Defendant's repleading its own citizenship without any further mention of the citizenship of Plaintiff's members in its removal supplement is not enough to establish diversity jurisdiction.

Accordingly, it is

**ORDERED:**

(1) This case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida for lack of subject matter jurisdiction.

(2) The Clerk is **DIRECTED** to send a certified copy of this Order to the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

(3) The Clerk is **DIRECTED** to terminate any deadlines, deny any motions as moot, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 6, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record